Arch McLeod and J. J. Hughes, *Petitioners in Error*, vs. J. A. Johnson, as Sheriff of Polk County, Florida, *Defendant in Error*.

143 So. 303.

En Banc.

Opinion filed August 2, 1932.

*Martin & Martin*, for Plaintiffs in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for Defendant in Error.

Buford C.J.—Before entering upon the discussion of the merits of this case, we deem it expedient to call the attention of the counsel for the plaintiffs in error to the fact that he has entirely disregarded the rules of this Court in regard to the preparation and presentation of his brief as well as in the preparation and presentation of the transcript of the record. Both the brief and the transcript are almost illegible, the same having been typewritten in pale blue with apparently a badly worn ribbon. The rule requires these records to be presented either printed or in clear black record type and we hope that in the future counsel will observe these requirements.

This case comes to us on writ of error to a judgment in habeas corpus remanding petitioner Hughes to the custody of the Sheriff. The defendant was informed against in the Criminal Court of Record of Polk County, the information being in two counts. The conviction was had under the second count which was equivalent to an

acquittal under the first count. The second count of the information was in the following language:

"J. H. Peterson, County Solicitor for the County of Polk, further prosecuting for the State of Florida in the said County, under oath, further information makes that Arch McLeod and J. J. Hughes of the County of Polk and State of Florida, on the 16th day of July in the Year of Our Lord One Thousand Nine Hundred and Thirty-one in the County and State aforesaid, did unlawfully have in their possession, nets, to-wit: a seine, for the purpose of taking fresh water fish from the fresh waters of the State of Florida, to-wit: Lake Hancock, which was / net was a net not allowed by law and said Lake Hancock then and there being a fresh water lake, not a private fishing pond and being closed for fishing except with hook and line, rod and reel, bob, spinner or troll, and the net being used being of the type unlawful to be used in such lake at that time."

This count of the information totally fails to charge any offense against the laws of the State of Florida. Section 24 of chapter 13644, Acts of 1929, in part provides:

"The possession of nets, baskets, traps, gigs dynamite or similar devices in or upon the fresh waters of the State of Florida (except as permitted by this Act) shall be unlawful." ,

This information does not charge the possession of the net to have occurred in or upon any of the fresh waters of the State of Florida. It merely charges that the defendants did unlawfully have in their possession nets, to-wit: a seine, for the purpose of taking fresh water fish from the fresh waters of the State of Florida, etc. From all that appears in the information, the defendants may have had the net in their residence and may have possessed the same for the purpose of taking fish with same from the fresh waters of the State of Florida, and particularly from the lake mentioned in the information at a time when it was lawful to take such fish with such

net, or they may have had the net to rent or to sell to persons for the purpose of taking fresh water fish from the fresh waters of the State of Florida, and particularly from the lake mentioned in the information, at a time when such taking of fish in such net or seine was not unlawful.

We find nothing in the statute which prohibits a person having in his possession a seine for the purpose of taking fish from the fresh waters of the State so long as that net or seine is not being used to violate the laws of the State of Florida and is not in or upon the fresh waters of the State of Florida at a time and place where it is unlawful to use such net for the taking of fish from such waters.

As this count of the information was insufficient to charge any offense against the laws of the State of Florida, the judgment should be reversed with directions that an order be entered discharging petitioners. It is so ordered.

WHITFIELD, AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

ELLIS, J. (Dissenting).—The failure to comply with the rules of this Court in the matter of the preparation of both record and briefs requires a dismissal of the writ of error. I therefore favor dismissal, although on considering the record without reference to the rules, I am of opinion that the judgment should be reversed.

BROWN J., concurs.